## WARNER & SWASEY CO. v. WAR CONTRACTS PRICE ADJUSTMENT BOARD et al.

## WARNER & SWASEY CO. v. RECONSTRUCTION FINANCE CORPORATION.

### Nos. 11422, 11423.

United States Court of Appeals
District of Columbia Circuit.

Submitted Nov. 3, 1952.

Decided Nov. 20, 1952.

Writ of Certiorari Denied April 6, 1953.

See 73 S.Ct. 782.

---

1. 56 Stat. 245, as amended, 50 U.S.C.A. Appendix, § 1191.

---

Sturgis Warner and Armistead Claiborne Leigh, Washington, D. C., on the brief for petitioner.

Frederick N. Curley and Edward H. Hickey, Attys., Department of Justice, Washington, D. C., on the brief for respondents.

Before EDGERTON, PRETTYMAN and WASHINGTON, Circuit Judges.

PER CURIAM.

These cases are here upon petitions to review orders of the Tax Court of the United States in renegotiation proceedings. Petitioner's contracts and subcontracts with the Defense Plant Corporation for the years 1942 and 1943 were renegotiated although they had been fully performed prior to July 1, 1943, and final payment had been made after April 27, 1942, and before July 1, 1943. Petitioner took the matter to the Tax Court, which upheld the right of the Government to renegotiate.

The Renegotiation Act of 1942[1] specifically provided that the statute should apply to contracts theretofore made, provided that final payment had not been made prior to the enactment of the Act, which date was April 28, 1942. A key definition in that Act was of the word "Department", and that definition did not include the Defense Plant Corporation. Congress later, on July 1, 1943, amended the Renegotiation Act to provide that all of the pertinent provisions "shall be construed to apply to Defense Plant Corporation,"[2] and at the same time it amended the definition of "Department" to include that Corporation.[3]

---

2. Omitted when the Renegotiation Act was rewritten in the Revenue Act of 1943, Sec. 701, 58 Stat. 78 (1944), being then superfluous in view of the comprehensive definition of "Department" in the amended Act.

3. 57 Stat. 348.

Petitioner's contention is that as to contracts with Defense Plant Corporation the Act applied as of the date of the amendment of July 1, 1943, and further that unless so construed the amendment was unconstitutional. Those precise points were presented to this court in Blanchard Mach. Co. v. Reconstruction Finance Corp.[4] and in Eastern Machinery Co. v. Under Secretary of War,[5] and we there held contrary to petitioner's position. We are asked to reconsider and reverse the decisions in those cases.

We are not persuaded to reexamine these questions, twice decided by us.

Affirmed.

4.  1949, 85 U.S.App.D.C. 361, 177 F.2d 727, certiorari denied, 1950, 339 U.S. 912, 94 L.Ed. 1338, 70 S.Ct. 571.

5.  1950, 86 U.S.App.D.C. 331, 182 F.2d 99.